01
02
03
04
05

06 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
07 AT SEATTLE

08 SALVADOR QUIRINO-MORALES,   )
) CASE NO. C13-0327-MJP-MAT
09       Petitioner, )
)
10   v. ) REPORT AND RECOMMENDATION
)
11 NATHALIE R. ASHER, Seattle Field Office )
Director, Immigration and Customs )
12 Enforcement, )
)
13       Respondent. )
                                              )
14

15       On February 11, 2013, petitioner, proceeding *pro se*, filed a petition for writ of habeas

16 corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his immigration detention

17 and seeking release from immigration detention or a bond hearing before an immigration judge.

18 *Morales v. ICE Field Office Director*, C13-232-RAJ-BAT. The Court issued an Order for

19 Service and for Return and Status Report on February 12, 2013, directing respondent to file a

20 return within 30 days of service. *Id*., Dkt. No. 3. Respondent's have filed a Return and

21 Motion to Dismiss in that case, which is currently noted for consideration on April 12, 2013.

22 *Id*., at Dkt. No. 8.

REPORT AND RECOMMENDATION
PAGE -1

On February 21, 2013, petitioner, proceeding through counsel Michael Jacob, filed a second Petition for Writ of Habeas Corpus in the instant case. *Quirino-Morales v. Asher*, C13-327-MJP-MAT, Dkt. No. 1. This petition also challenges petitioner's immigration detention and seeks an order requiring respondent to provide him with an individual bond hearing by an immigration judge. The Court issued an Order for Service and for Return and Status Report on February 25, 2013, requiring respondent to file a return within 30 days of service. *See id.*, Dkt. No. 4. Respondents' return is presently due in this case on or about March 28, 2013.

On March 8, 2013, respondent filed a Joint Stipulation and Order Consolidating Cases in the first case, seeking to consolidate that case with the instant case under Case No. C13-232-RAJ-BAT, on the grounds that the petitions are duplicative. *See Morales*, C13-232-RAJ-BAT, Dkt. No. 7. Although respondent submitted a joint stipulation signed by Mr. Jacob, the Court notes that Mr. Jacob has not appeared as counsel of record in that matter.

In light of these facts, the Court ordered petitioner to move for voluntary dismissal of the instant habeas corpus action or show cause why it should not be dismissed as duplicative. (Dkt. No. 8.) Pursuant to the Court's Order, petitioner's response was due on March 25, 2013. To date, petitioner has neither moved for voluntary dismissal of this action nor shown cause why it should not be dismissed as duplicative.

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams v. California Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs

generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant.'" *Id*. (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

In assessing whether a second action is duplicative of the first, the Court examines whether the causes of action, relief sought, and the parties are privy to the action are the same. *Id*. at 689. First, the Court must examine whether the causes of action are the same pursuant to the transaction test developed in the context of claim preclusion. *Id*. Second, the Court determines whether the defendants are the same or in privity. *Id*. at 691. A plaintiff is required to bring at one time all the claims against a party or privies relating to the same transaction or event. *Id*. at 693. The Court has discretion to dismiss a later-filed complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action and [] litigat[ing] piecemeal the issues which could have been resolved in one action." *Id*. at 694 (quoting *Flynn v. State Bd. of Chiropractic Examiners*, 418 F.2d 668, 668 (9th Cir. 1969)).

Here, it is apparent that the instant habeas action, the relief sought, and the parties involved are identical to the earlier-filed habeas action. Accordingly, the Court finds that the instant petition is duplicative of the petition in Case No. C13-232-RAJ-BAT, and this case should be dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 3rd day of April, 2013.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3